IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH C. PITTS, #A0259019, | ) | CIV. NO.11-00281 DAE/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART |
| vs. | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS AND ORDER TO SHOW |
| FRANCIS SEQUEIRA, LINDA | ) | CAUSE |
| MOGA RIVERA, DR. LEILAND, | ) | |
| TANUVASA, THOMPSON, JOHN | ) | |
| DOES 1-2, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND ORDER TO SHOW CAUSE

Plaintiff Joseph C. Pitts brought this prisoner civil rights action under

42 U.S.C. § 1983 against multiple Oahu Community Correctional Center

("OCCC") officials and employees. *See* ECF #1. On June 3, 2011, the court

screened the Complaint, dismissed OCCC Warden Sequeira and claims for

damages against all defendants in their official capacities. The court determined

that the Complaint stated cognizable due process claims against Defendants Rivera,

Leland, Thompson, and Tanuvasa ("Defendants"), and directed them to file a

response. ECF #8.

Before the court is Defendants' Motion to Dismiss Plaintiff's Complaint. ECF #24. Pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the District of Hawaii and Federal Rule of Civil Procedure 78(b), the Court elects to decide this matter without a hearing.[1] For the following reasons, Defendants' Motion is GRANTED in part as detailed below. Plaintiff is ORDERED to show cause why Defendant Rivera has not been served and to explain what steps he has taken to identify Defendant John Doe #2.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff says that, while he was a pre-trial detainee at OCCC,[2] on September 11, 2009, he witnessed another inmate, Jose Nievis, being beaten by two inmate gang members while several adult correctional officers ("ACOs") "watched, incited, and encouraged" this assault. ECF #1 at 3 ¶ 13. At Nievis' request, Plaintiff submitted two grievances, #161631 (for Nievis, relating to the

---

[1] The court has carefully reviewed the Motion and the Complaint and also determines that waiting until the scheduled hearing in February 2012 and requiring Plaintiff to file an opposition to the Motion would place an unnecessary burden upon him in light of the court's decision to grant him leave to amend the Complaint and order him to show cause why Defendant Rivera is unserved and Defendant John Doe #2 is unnamed and unserved.

[2] *See* Hawai'i State Judiciary's Public Access to Court Information, at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/ (showing that Pitts was convicted of attempted murder in the second degree six months later, on **March 10, 2010**, in state criminal case number 1PC 09-1-000097).

attack), and #161639 (for himself, requesting a transfer from the holding unit[3] to Module One[4] based on his own fear of reprisal for reporting the incident). Plaintiff claims that Rivera, the OCCC inmate grievance coordinator, "refused to process" his grievances, by telling him he may not file grievances on another inmate's behalf, or based on "speculation." *See id.* at 3 ¶ 15.

Plaintiff claims that several days later, on September 16, 2009, while he was in restraints at the prison law library, he was attacked by an unnamed inmate from the same gang that attacked Nievis, who was also in restraints. Plaintiff alleges that ACO Tanuvasa intentionally misapplied this inmate's restraints, because Tanuvasa "is rumored as being from KPT."[5] *Id.* at 5 ¶ 33. Plaintiff alleges an unnamed ACO, John Doe #2, witnessed this assault but did not intervene. Ultimately, ACOs broke up the altercation and Plaintiff was taken to

---

[3] The holding unit is an administrative, disciplinary, or protective custody segregation unit. ECF #1, Compl. at 4.

[4] Module 1 is OCCC's adult male acute treatment mental health unit. *See* http://lrbhawaii.info/reports/legrpts/psd/2011/act213_105_slh07_11.pdf.

[5] KPT refers to Kuhio Park Terrace, one of the largest public housing complexes in the Kalihi area of Honolulu, frequently noted for its gang activity. *See e.g.*, http://www.kitv.com/r/23008124/detail.html ("Shooting Allegedly Between Feuding Gangs Prompts Tighter Rules"); http://archives.starbulletin.com/content/20100407. ("Find Alternative to Curfew at Public Housing); http://www.hawaiinewsnow.com/story/6515427 ("Gang experts warn about increasing gang activity in Kalihi").

OCCC's medical unit where he was treated for his injuries. Plaintiff claims that, "following [this] assault on plaintiff," Dr. Leland, an OCCC mental health specialist, informed Plaintiff that he would not be moved to another housing unit "per Dr. Evans." *Id.* at 3 ¶ 15.

Based on these allegations, Plaintiff generally alleges that Defendants failed to protect him with deliberate indifference to his safety, violating his "right to DUE PROCESS OF LAW under the 5th and 14th Amendments," and the United States and Hawaii state constitutions. *Id.* at 5 ¶ 38.

## II. LEGAL STANDARD

A motion to dismiss for failure to state claim, which is governed by Federal Rule of Civil Procedure 12(b)(6), tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). When reviewing a complaint under this standard, the allegations in the

complaint must be construed in the light most favorable to the nonmovant.  *Cahill*

*v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

A complaint must contain "enough facts to state a claim to relief that

is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

claim is plausible if the facts pleaded allow the court to make the reasonable

inference that the defendant is liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.

Ct. 1937, 1949 (2009).  "Specific facts are not necessary; the statement need only

give the defendant fair notice of what the . . . . claim is and the grounds upon which

it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).

Further, courts must "continue to construe pro se filings liberally," especially

where the plaintiff is a *pro se* prisoner in a civil rights action.  *Hebbe v. Pliler*, 611

F.3d 1202, 1205 (9th Cir. 2010).

Moreover, the court has a continuing duty to screen prisoner

complaints and dismiss a complaint or portion thereof if its claims are frivolous,

malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) &

(b), § 1915(e)(2) ("the court shall dismiss the case at any time . . .).  If a pleading

can be cured by the allegation of other facts, a *pro se* litigant is entitled to an

opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## III.  <u>DISCUSSION</u>

Defendants argue that (1) the Fifth Amendment is inapposite to Plaintiff's due process claims because he is a state prisoner alleging claims against state officers; (2) Plaintiff's due process claims under the Fourteenth Amendment are "subsumed by and duplicative of" his claims for deliberate indifference, which he must assert under the Eighth Amendment; and (3) Plaintiff fails to establish a claim for deliberate indifference under the Eighth Amendment.  *See* ECF #24-1, Mem. in Support at 5-9.

### A.     **The Eighth and Fourteenth Amendments: Pre-trial Detainees**

As a pre-trial detainee, "the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to" Plaintiff's claims for due process violations and for claims asserting cruel and unusual punishment.  *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).  Defendants are therefore incorrect that Plaintiff's Fourteenth Amendment due process claims are "subsumed by and duplicative of" his deliberate indifference claims; as a pre-trial detainee, Plaintiff's claims here are correctly alleged as arising under the Fourteenth Amendment.  The court construed

the Complaint as alleging due process claims against all Defendants under the Fourteenth Amendment for failure to protect Plaintiff from assault. It did not consider Plaintiff's assertion of the Fifth Amendment as anything more than a *pro se* plaintiff's inartful pleading. *See e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 781-82 (2003) (Scalia, J. concurring in judgment and discussing the interplay between the Fifth and Fourteenth Amendments); *see also Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (stating that "inartful pleading" by *pro se* litigants should not penalize them, particularly in civil rights actions).

Defendants are correct, however, that the Fifth Amendment applies "only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Insofar as Plaintiff alleged a separate violation of the Fifth Amendment against state actors, he fails to state a claim. Defendants' Motion is GRANTED as to Plaintiff's Fifth Amendment claims.

To be clear, the court liberally construes Plaintiff's Complaint as alleging due process claims under the Fourteenth Amendment against (1) Rivera and John Doe #1 for failure to "process" his grievances, and (2) against all Defendants for failing to protect him from assault on September 16, 2009,

allegedly manifesting deliberate indifference to his safety. Upon a closer reading of the Complaint, and for different reasons than proffered by Defendants, the court agrees that several of Plaintiff's claims as alleged are subject to dismissal for failure to state a claim.

## B.    Plaintiff's Claims Against Rivera and John Does #1 and #2

### 1.    *Denial or Refusal to Process Grievances Fails to State Claim*

Insofar as Plaintiff asserts a due process claim against Rivera and her supervisor, John Doe #1, based on Rivera's alleged refusal to "process" his grievances, he fails to state a claim. Rivera's participation in Plaintiff's grievance process, whether she refused to "process" it or simply denied it, is an insufficient basis on which to state a claim. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."). A prisoner's right to petition the government is a right of expression and "does not guarantee a response to the petition or the right to compel government officials to act on" the petition. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [underlying] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); *Wright v. Shapirshteyn*, No. CV 1-06-0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983"); *Velasquez v. Barrios*, No. 07cv1130-LAB (CAB), 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action."). Plaintiff's allegations concerning Rivera's handling of his grievances are insufficient to state a claim against her or John Doe #1, and are DISMISSED.

## 2.     *Deliberate Indifference Claims Against Rivera and John Doe #2*

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).  Of course, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *Farmer*, 511 U.S. at 837.  The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk

from the very fact that the risk was obvious." *Id.* at 842. The "obviousness of a risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him . . . ." *Id.* at 843, n.8.

Plaintiff claims that he alerted Rivera in his grievance that he feared reprisal from witnessing and reporting the attack on Nievis, and she did nothing other than deny his grievances on procedural bases. Plaintiff also states that John Doe #2 was present at the law library on September 16, 2009, while the attack was occurring, and did not intervene or stop the attack. Defendants' Motion does not take these allegations into account when they argue that Plaintiff has failed to state a claim for deliberate indifference. Plaintiff's factual contentions and allegations against Rivera and John Doe #2 are sufficient to state a Fourteenth Amendment claim against them for deliberate indifference to his safety.

## C.    Claims Against Defendant Leland are Dismissed

Plaintiff claims that *after* he was assaulted on September 16, 2009, Dr. Leland told him that Dr. Evans had determined that Plaintiff should not be transferred from the special holding unit he was in to Module One. *See* ECF #1, Compl. at 3 ¶ 15. Plaintiff relates no other facts showing Dr. Leland's involvement in the alleged failure to protect him from the assault. This statement is insufficient to show that Dr. Leland acted with deliberate indifference to Plaintiff's safety.

That is, from Plaintiff's own chronology of events, it appears that Dr. Leland was unaware of Plaintiff's fear of assault until *after* the attack occurred. Plaintiff claims that he submitted a grievance to Rivera detailing his fears of reprisal, and he claims that Rivera "refused to process" his grievances. If these claims are accepted as true, then Rivera did not alert anyone else at the prison about Plaintiff's fears. Plaintiff also says that he submitted a complaint to the Ombudsman, who did not receive the complaint in time to prevent the assault or protect Plaintiff. *See* ECF #1, Compl. at 3 ¶ 15.

Plaintiff does not say that he or Rivera told Dr. Leland, or anyone else in the OCCC Mental Health Unit, that he feared for his safety from gang members before the attack occurred.[6] In other words, Plaintiff does not claim that Dr. Leland was made aware of facts from which he could draw the inference that a substantial risk of serious harm to Plaintiff existed. Nor do Plaintiff's statements show that Dr. Leland drew that inference. Nor is it clear that Dr. Leland acted with deliberate indifference by failing to transfer Plaintiff from a special holding unit, which Plaintiff states houses disciplinary, administrative, and protective custody inmate, to another module at Plaintiff's request. Plaintiff's allegations suggest that

---

[6] If Rivera had told Leland, or anyone who had responsibility to take steps to protect Plaintiff, then Plaintiff fails to state a claim against Rivera because she was not deliberately indifferent if she alerted prison authorities of Plaintiff's fears.

he was already housed in segregation, presumably one of the safest areas at OCCC. Taken together and accepted as true, Plaintiff's facts are insufficient to "state a claim to relief that is plausible on its face," and his claims against Dr. Leland are DISMISSED. *Twombly*, 550 U.S. at 570.

## D.     Supervisory Claims Against Thompson and John Doe #1 are Dismissed

ACO Thompson "is the duty sergeant responsible for all daily movement and supervision in the holding unit." ECF #1, Compl. at 3 ¶ 7. Plaintiff says that Thompson was aware of "the existing problems and threats to plaintiff," and nonetheless "summoned plaintiff to go to the law library with the three gang members together." *Id.* at 5 ¶ 27. John Doe #1 is alleged to be the OCCC grievance supervisor; Plaintiff alleges nothing further about his relation to Plaintiff's claims or the September 16, 2009, assault.

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 129 S. Ct. at 1948. "Supervisory liability" is therefore something of a "misnomer" because "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949. Supervisors "cannot be held liable unless they themselves" violated a constitutional right. *Id.* at 1952. A supervisor is liable under § 1983 only on a showing of personal involvement in the

constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*) (citation omitted). Thus, they "can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Edgerly v. City & County of S.F.*, 599 F.3d 946, 961-62 (9th Cir. 2010) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).

That is, a plaintiff must allege that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may also be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001). However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

Plaintiff sets forth no facts showing Thompson's or John Doe #1's personal involvement in the alleged assault on September 16, 2009. Neither are alleged to have been present when the assault occurred at the library. Rather, Plaintiff alleges that Thompson approved the scheduling of four special holding unit inmates, including Plaintiff, at the law library at the same time. Plaintiff states that all of these inmates, including himself, were in restraints while at the library, showing that there was a policy in place that was protective of inmates and staff. Plaintiff alleges that ACO Tanuvasa improperly applied one of the inmate's restraints, who then assaulted Plaintiff. Other than Plaintiff's conclusory statements that Thompson knew of "existing problems and threats to plaintiff" -- statements that Plaintiff directly contradicts when he accuses Rivera of failing to process his grievance -- Plaintiff presents no statement of facts showing that Thompson or John Doe #1 were aware of facts indicating that Plaintiff might be assaulted, or otherwise linking them to the assault.

Plaintiff's allegations that Rivera failed to follow OCCC's grievance procedures, and his admission that all of the inmates were under restraint while at the library, contravene any claim that John Doe #1 or Thompson instituted a policy that was the moving force behind the attack on September 16, 2009, or were aware

of an impending attack.  Plaintiff therefore fails to state a claim against Thompson

and John Doe #1 and claims against them are DISMISSED.

**E.    Claims Against Defendant Tanuvasa are Dismissed**

Plaintiff claims that the inmate who attacked him was in wrist and

waist restraints, but managed to "remove[] his handcuffs and hit plaintiff . . .

multiple times."  ECF #1, Compl. at 4 ¶ 25.  Plaintiff then concludes that, because

Tanuvasa "is rumored as being from KPT[,]" Tanuvasa must have deliberately

misapplied the restraints so the other inmate could loosen his handcuffs and attack

Plaintiff.  *Id.* at 5 ¶ 33.

"[B]are assertions . . . amount[ing] to nothing more than a 'formulaic

recitation of the elements' of a constitutional discrimination claim," are not entitled

to an assumption of truth.  *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at

555).  These types of claims should not be disregarded because they are

"'unrealistic or nonsensical,'" but because they are simply legal conclusions, even

if they "are cast in the form of a factual allegation."  *Moss v. U.S. Secret Serv.*, 572

F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951).

"[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at

1949  (quoting *Twombly*, 550 U.S. at 570).  "Determining whether a complaint

states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Even if a plaintiff's specific factual allegations may be consistent with a constitutional claim, the court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's bare, conclusory assertion that Tanuvasa improperly applied the assailant's wrist and waist restraints, based on rumors that Plaintiff proffers that Tanuvasa is or was a gang member, or perhaps, is or was simply a resident of Kuhio Park Towers, are insufficient to state a claim. Claims against Defendant Tanuvasa are DISMISSED.

## F.    Order to Show Cause and Leave to Amend

Although Plaintiff's claims against Rivera and John Doe #2 state a claim and shall proceed, Plaintiff has not served the Complaint on Rivera or identified John Doe #2 so that he may be served. The alleged assault took place more than two years ago and Plaintiff filed this action April 28, 2011. Service of

the Complaint was directed on June 3, 2011.  *See* ECF #8.  Plaintiff was notified

on September 16, 2011, ECF #20, that Rivera is no longer employed with the

Department of Public Safety and that service had not been perfected on her.

Plaintiff is ORDERED TO SHOW CAUSE on or before January 6, 2012, why

Rivera should not be dismissed for Plaintiff's failure to cause the Complaint to be

served on her.  Plaintiff should also detail what steps he has taken, or intends to

take, to identify John Doe #2.

Plaintiff's claims (1) under the Fifth Amendment; (2) against Rivera

and John Doe #1 for failure to process his grievance; and (3) against Leland,

Thompson, John Doe #1, and Tanuvasa for failure to protect are DISMISSED for

failure to state a claim.  Plaintiff may be able to cure the deficiencies in his claims

against Leland, Thompson, John Doe #1, and Tanuvasa with additional facts.

Plaintiff may file a proposed amended complaint on or before January 6, 2012.

The proposed amended complaint must cure the deficiencies noted above and

demonstrate how the conditions complained of resulted in a deprivation of his

federal constitutional or statutory rights.  It should also be submitted on the court's

form prisoner civil rights complaint.

The court will not refer to the original pleading to make any amended

complaint complete.  Local Rule 10.3 requires that an amended complaint be

complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

In the alternative, Plaintiff may opt not to amend the Complaint, waiving his claims against Leland, Thompson, Tanuvasa, and John Doe #1 as discussed and dismissed herein, and proceed on his claims against Rivera and John Doe #2 (after showing cause as discussed above). If Plaintiff does not file a proposed amended complaint on or before January 6, 2012, he will be deemed to have opted to proceed on his claims against Rivera and John Doe #2, and this action shall proceed accordingly as set forth in the Rule 16 scheduling order, which is subject to revision if necessary.

Defendants need not file an Answer or a responsive pleading until Plaintiff clarifies that he opts to proceed on his claims in the original Complaint against Rivera and John Doe #2 only, or after the court has screened Plaintiff's proposed Amended Complaint and orders Defendants to respond.

# IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's claims alleged under the Fifth Amendment are DISMISSED with prejudice.  Plaintiff's claims against Rivera and John Doe #2 for failure to protect Plaintiff from assault states a claim and may proceed.

2.  Plaintiff's claims against Rivera and John Doe #1 for failure to process his grievance and against Leland, Thompson, John Doe #1, and Tanuvasa for failure to protect him are DISMISSED for failure to state a claim, with leave granted to amend on or before January 6, 2012.  In the alternative, Plaintiff may waive his claims against these Defendants and stand on the Complaint and its claims against Rivera and John Doe #2 for failure to protect.  If Plaintiff does not file an amended complaint on or before January 6, 2012, the court will consider these claims waived, this action will proceed on the Complaint as set forth in this Order.

3.  Plaintiff is ORDERED TO SHOW CAUSE on or before January 6, 2012, explaining why Rivera should not be dismissed for his failure to serve her, and explaining what steps he has or will take to determine the identity of John Doe #2.

4. The Clerk is directed to send Plaintiff a form prisoner civil rights complaint so that he can comply with the directions of this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 2, 2011.



_____
David Alan Ezra
United States District Judge

*Pitts v. Sequeira, et al.*, Civ. No. 11-00281 DAE-RLP; Order Granting in Part Defendants' Motion to Dismiss and Order to Show Cause; psas/Ords dmp 2011/ Pitts 11-281 DAE (grt M/dsm in part, lv amd)