IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH C. PITTS, #A0259019, ) | CIV. NO. 11-00281 LEK/RLP |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING REQUESTS FOR |
| vs. ) | CERTIFICATE OF INTERLOCUTORY |
| ) | APPEAL AND TRANSCRIPTS |
| FRANCIS SEQUEIRA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING REQUEST FOR CERTIFICATE OF
INTERLOCUTORY APPEAL AND TRANSCRIPTS**

Before the court is Plaintiff's "Request for Summary Judgment Transcripts/Appeal," submitted ex parte to the undersigned as personal correspondence.  ECF No. 181.  Although Plaintiff does not explicitly request certification for interlocutory appeal of the court's January 15, 2014 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("January 15 Order"), that appears to be his intent.[1]  See Order, ECF No. 176.  As he is proceeding pro se, the court construes Plaintiff's letter request as a motion for a certificate of interlocutory appeal under 28 U.S.C. § 1292(b), and transcripts on appeal.

---

[1] Plaintiff is notified again that ex parte communication with the court, particularly requesting legal advice on how to proceed in this action, is improper.  Plaintiff is directed to file all such requests in the form of a motion.  See Local Rule LR99.7.10(g).

Because Plaintiff fails to demonstrate that the January 15 Order granting partial summary judgment involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation, Plaintiff's requests are DENIED.

## I.   **PLAINTIFF'S MOTION**

Plaintiff claims that the court improperly relied on Grievances Nos. 161650 and 149756, to determine there is no genuine issue of material fact that Defendant Rivera did not receive a copy of his Grievance No. 161639 in time to prevent the September 16, 2009, attack at issue in this case.  *See* January 15 Order, ECF No. 176 PageID #1134-35.  Plaintiff alleges that Grievance Nos. 161650 and 149756 were "[n]ever submitted by defendant or the Plaintiff," and are not in the record before the court.  Mot., ECF No. 181, PageID #1192-93.  He asserts that the court may not refer to or rely on Grievance Nos. 161650 and 149756 because he was not given the opportunity to "dispute or submit evidence to rebut" the court's conclusions based on them.  Plaintiff says that if he had known the court would rely on Grievance Nos. 161650 and 149756, he would have submitted other grievances rebutting the court's inferences taken from Nos. 161650 and 149756.  Plaintiff submits three grievances to rebut the court's conclusions in the January 15 Order and in support of

his request for certification of interlocutory appeal.  *See* Exs. A-C, ECF Nos. 181-1, 181-2, 181-3.

Plaintiff requests permission to file an interlocutory appeal regarding the court's alleged (1) improper reliance on Grievance Nos. 161650 and 149756; (2) denial of discovery to oppose Defendants' Motion for Summary Judgment; (3) failure to construe his pleadings liberally; (4) improper application of the law; and (5) "advocating and acting as fact finder."  *See* ECF No. 181, PageID #1196.  He also seeks information on obtaining the transcript of the hearing on Defendants' Motion for Summary Judgment.

## II.     STANDARD FOR CERTIFICATE OF INTERLOCUTORY APPEAL

Pursuant to Title 28 U.S.C. § 1292(b), the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law.  *See also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011) ("A non-final order may be certified for interlocutory appeal where it 'involves a controlling question of law as to which there is substantial ground for a difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'") (citing

§ 1292(b)).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The district court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id.* A court has substantial discretion whether to grant a party's motion for certification. *Adobe Sys., Inc. v. Hoops Enter.*, 2012 WL 1710951, *1 (N.D. Cal. 2012).

### III. DISCUSSION

First, notwithstanding Plaintiff's vehement declarations to the contrary, Plaintiff himself submitted Grievance Nos. 161650 and 149756 in support of his Opposition to Defendants' Motion for Summary Judgment. *See* Pl. Opp'n, Ex. G (No. 161650), ECF No. 163-12, PageID #1050; Ex. "I" (No. 149756), ECF No. 163-13, PageID #1151. They are clearly part of the record before this court and, in fact, were submitted as evidence in opposition to the particular motion under review in the January 15 Order.

Second, this court has discretion to consider the papers submitted on the motion or any other papers in the record to determine whether there is a genuine issue of fact on summary judgment. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). That is, while a district court is not required to scour the record for evidence establishing a genuine issue of fact, it has discretion to consider any evidence in the record. *Id.* Here, in light of Plaintiff's pro se status and in an effort to consider all evidence in the record that might support Plaintiff's somewhat confusing arguments and pleadings, the court diligently examined the complete record, in particular all of Plaintiff's evidence in opposition to the motion, to determine whether a genuine issue of fact existed counseling *against* summary judgment. Unfortunately, Plaintiff's own evidence proved unhelpful to his position.

Third, Plaintiff's own explanation of the prison's grievance process effectively defeats his argument for interlocutory appeal and supports Rivera's statement that she received the grievance on the day she attests that she did. Plaintiff states: "PLEASE BE ADVISED the date recieved [sic] signature is the date the officer put [the grievance] in the mailbox. And the signature above that is date recieved [sic] by Grievance office." Pl. Mot., ECF No. 181, PageID #1195. Thus, the earlier date on the top right corner of a grievance indicates

5

the date the prisoner gave the grievance to a prison guard for forwarding to the grievance office.  The second date indicates the date the grievance office received the grievance.  Grievance No. 161639, which details Plaintiff's fear of reprisal, is first initialed received on "09/14/09," the day after Plaintiff signed it.  *See* ECF No. 113-2.  It is initialed received again by the "IGS" on "9/16," indicating that the grievance office received it on September 16, 2009, the date that Plaintiff was attacked, the date that Rivera asserts she received it, and the date the court credited as the date she received it.

   The three grievances Plaintiff now submits do not refute this finding.  *See* Pl. Ex. A, ECF No. 181-1 (Grievance No. 156440, initially received 4/23/09, received by the grievance office on 4/24/09, and answered 5/8/2009); Ex. B, ECF No. 181-2 (Grievance No. 149756, signed 10/31/09, initially received 11/1/09, received by the grievance office on 11/2/09, and answered 11/13/09); Ex. C, ECF No. 181-3 (Grievance No. 149771, initially received 11/9/09, received by the grievance office on 11/10/09, and answered 11/13/09).  Rather, these three grievances show that (1) guards date and initial grievances when prisoners submit them for mailing, regardless of the date the prisoner signs them; (2) the grievance office dates and initials them again when they are received at the grievance office; and (3) grievances are generally answered by a grievance officer one to

fourteen days thereafter.  This is exactly the procedure the court credited when it reviewed Grievance No. 161639 and determined that Defendant Rivera did not receive it until the day Plaintiff was attacked.

Fourth, the court did not credit Plaintiff's statements that Rivera received Grievance No. 161639 earlier than September 16, 2009, as creating a genuine issue of material fact because this statement was not based on Plaintiff's personal knowledge.  Plaintiff may attest to the date he signed Grievance No. 161639, and the date he handed it to a prison guard for mailing or submission to the grievance officer.  He cannot attest to the date the grievance office actually received the grievance, however, unless he witnessed that transaction.  Plaintiff does not attest to that; he simply concludes that Grievance No. 161639 was received at the grievance office before the date that it is initialed received.

In short, Plaintiff does not establish that exceptional circumstances warrant issuing an interlocutory appeal.  He fails to establish a substantial ground for difference of opinion concerning the proper way to interpret the dates on his grievances.  Rather, even his "new" evidence supports the court's previous determination that Rivera received the grievance on the date that it is initialed received, thus, too late to alert prison officials about Plaintiff's fears before the attack.

Nor does he establish that this issue is controlling. Rivera's statement is made on personal knowledge and is supported by the record. Plaintiff's statements are based on his own conclusory supposition alleging that Rivera is being untruthful. Plaintiff's statements contradict his own version of the evidence. Plaintiff provides nothing showing that the court improperly construed his pleadings, denied him discovery, misapplied the law, or disregarded any genuine issue of material fact in the record. Nor does he establish that an interlocutory appeal would materially advance the ultimate termination of this action. Plaintiff's request for a certificate of interlocutory appeal is DENIED.

### IV.   TRANSCRIPTS ON APPEAL

Plaintiff asks "how he would go about requesting a transcribed copy of the Motion for Summary Judgment Hearing of Jan. 6, 2014?" ECF No. 181, PageID #1192. Furnishing transcripts at public expense is governed by 28 U.S.C. § 753(f), which provides that "[f]ees for transcripts in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (parenthetical in original). The Ninth Circuit has stated that an indigent habeas petitioner is not entitled to transcripts at government expense

until after a petition is filed. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990). Because the court declines to issue a certificate of interlocutory appeal, Plaintiff's request for transcripts of the hearing on Defendants' Motion for Summary Judgment at government expense are DENIED without prejudice. Plaintiff may otherwise request a copy of the transcripts at his own expense from the Clerk of Court.

### V. CONCLUSION

Plaintiff's request for certificate of interlocutory appeal is DENIED. To the extent he seeks transcript of the January 6, 2014, hearing on Defendants' Motion for Summary Judgment at government expense, that request is DENIED without prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Pitts v. Sequeira, 1:11-cv-00281 LEK-RLP; H: nondsp ords/dmp/2014; J:\Denise's Draft Orders\LEK\Pitts 11-281 lek (dny cert. interloc appeal & recon).wpd*